UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| Plaintiff § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| REAL PROPERTY LOCATED AT § | |
| 3901 W. URSULA AVENUE § | |
| MCALLEN, TEXAS 78503 § | |
| § | |
| Defendant § | |

## **COMPLAINT FOR FORFEITURE IN REM**

The United States of America files this action for forfeiture and alleges upon information and belief:

### *Nature of the Action*

**1.** This is a civil action to forfeit *in rem* property to forfeit and condemn to the use and benefit of the United States real property located at 3901 W. Ursula Avenue, McAllen, Texas 78503, pursuant to Title 19, United States Code, Section 1595a(d).

### *Jurisdiction and Venue*

**2.** This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1345, 1355, 1356.

**3.** Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355(b)(1), 1391(b), and 1395, and 18 U.S.C. § 981(h).

### *Defendant Property*

**4.** The Defendant Property consists of property located at 3901 W. Ursula Avenue, McAllen, Texas 78503 (hereinafter "Defendant Property"). The legal description being:

1

LOT THREE- A (3A), MCALLEN SOUTHWEST INDUSTRIAL DISTRICT NO. 5 OF LOTS 2A AND 3A, AN ADDITION TO THE CITY OF MCALLEN, HIDALGO COUNTY, TEXAS, AS PER MAP OR PLAT THEREOF FILED ON MARCH 9, 2011, AND RECORDED UNDER CLER'S FILE NO. 2186703, OFFICIAL RECORDS, AND MAP RECORDS, HIDALGO COUNTY, TEXAS;

### *Statutory Basis for Forfeiture*
**(19 U.S.C. § 1595a(d), 18 U.S.C. § 2342(a), 554, and 371)**

5. 19 U.S.C. § 1595a(d) provides for forfeiture of all "property used to facilitate the exporting or sending of... merchandise [attempted to be exported or sent from the United States contrary to law], the attempted exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation[.]" The above-named Defendant Property was used to facilitate the illegal smuggling of contraband cigarettes from the United States into Mexico in violation of U.S. law and the conspiracy to commit those offenses in violation of 18 U.S.C. §§ 2342(a), 554, and 371.

### *Factual Basis*

6. The defendant property facilitated contraband cigarette trafficking and goods smuggling out of the country. Contraband cigarettes were imported from China, Vietnam, Panama, and the United Arab Emirates through the Port of Houston and to the Defendant Property located in McAllen, Texas. The Defendant Property acted as a staging ground before the contraband cigarettes were illegally smuggled to their ultimate destination in Mexico.

7. On or about January 15, 2020, law enforcement agents with the Texas Department of Public Safety, the Mexican Tax Administration Service (Servicio de Administración Tributaria ("SAT")), and Homeland Security Investigations discovered a tractor and trailer containing

2

approximately seventeen million (17,000,000) contraband cigarettes en route to Mexico. These cigarettes lacked any required stamp or proof of taxes paid required by law.

8. Upon further investigation, law enforcement agents discovered that the tractor and trailer was not part of a one-off scheme. Rather, it was one shipment of many originating from the Defendant Property, a warehouse located in McAllen, Texas.

9. The Defendant Property is owned by an active taxable entity registered as KevMarsh McAllen, Texas LP ("KevMarsh"). KevMarsh is owned by two brothers: Arturo Ruiz and Edgar Ruiz ("Ruiz Brothers"). The personal property located in the warehouse is owned by a brokerage firm named Victor M. Guerra Customs Brokers, which also operates out of the Defendant Property. Victor M. Guerra Customs Brokers is owned by Jose Francisco Guerra ("GUERRA").

10. Law enforcement agents conducted surveillance of Defendant Property, and on or about February 12, 2020, agents visited Victor M. Guerra Customs Brokers. Law enforcement agents made their acquaintance with GUERRA, and while doing so, observed in plain view approximately forty cases of unstamped cigarettes outside of their In-Bond areas required by law.

11. GUERRA then enlightened the law enforcement agents as to the lengthy, ongoing scheme between GUERRA and the Ruiz Brothers. The Ruiz Brothers ordered contraband cigarettes from foreign countries including China, Panama, Vietnam, and the United Arab Emirates to the Port of Houston. GUERRA personally arranged for the delivery from the Port of Houston to the Defendant Property in McAllen, Texas. GUERRA stored the contraband cigarettes on the Defendant Property. GUERRA created fraudulent sales tickets to avoid paying In-Bond securities required by law and to avoid detection at the U.S-Mexico border by Customs and Border Protection.

12. GUERRA made law enforcement agents aware that GUERRA previously and continually structured shipments of illicit cigarettes in smaller amounts across the border so as to avoid detection by Customs and Border Protection.

13. On March 3, 2020, a seizure warrant was executed at the Defendant Property. Law enforcement agents seized approximately 361,670,000 illicit cigarettes in addition to records, receipts, manifests, and financial statements related to the In-Bond diversion scheme. Agents found no evidence of legitimate, legal shipping activity based from the warehouse during the execution of the seizure warrant or at any point since.

14. Law enforcement agents further learned that Victor M. Guerra Customs Brokers and the Ruiz Brothers worked together in this cigarette trafficking and smuggling scheme since at least 2013. The Ruiz Brothers purchased the Defendant property for two reasons: to gain investment visas and to store the contraband cigarettes. GUERRA operated out of the Defendant Property rent free in exchange for his part of the scheme and improved the warehouse so that it had the appearance of a law-abiding customs warehouse. The Ruiz Brothers ordered foreign produced cigarettes and wired money to GUERRA to pay for those cigarettes. GUERRA received and stored the contraband cigarettes on the defendant property, created fraudulent tickets to avoid In-Bond security payments and detection by Customs and Border Protection on the defendant property, and arranged for exportation of those cigarettes contrary to law on the defendant property.

### *Conclusion*

15. The Defendant Property was utilized as the hub of an international network of cigarette trafficking and smuggling. The Defendant Property facilitated the exporting and sending of merchandise, the attempted exporting or sending of such merchandise, and/or the receipt, purchase, transportation, concealment, or sale of such merchandise prior to exportation. Therefore,

a substantial connection exists between the Defendant Property, contraband cigarette trafficking, smuggling goods out of the country, and the conspiracy to commit the aforementioned offenses, all contrary to law.

### *Notice to Any Potential Claimants*

16. YOU ARE HEREBY NOTIFIED that if you assert an interest in the Defendant Property which is subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this Complaint has been sent in accordance with Rule G(4)(b).

17. An answer or motion under Rule 12 of the Federal Rules of Civil Procedure must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas at United States Courthouse, 1701 W. Business Hwy 83, McAllen, TX 78501, and a copy must be served upon the undersigned Assistant United States Attorney at United States Attorney's Office, 600 E Harrison St. #201, Brownsville, TX 78520.

### *Prayer*

18. Wherefore, the United States of America prays that due process is issued to enforce the forfeiture of the Defendant Property, that due notice be given to all interested persons to appear and show cause why forfeiture of the Defendant Property should not be decreed, that the Defendant Property be condemned as forfeited to the United States to be disposed of according to law, and for such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By: /s/ Rick Blaylock
Rick Blaylock
Assistant United States Attorney
Texas Bar No. 24103294
Federal Bar No. 3544108
600 E. Harrison St., #201
Brownsville, TX 78520.
Office: (956) 983-6007
Fax: (956) 548-2711

## *Verification*

I, Matthew Shoemaker, a Special Agent with the United States Homeland Security Investigations, hereby verify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the facts set forth in Paragraphs 6 through 15 of the Factual Basis in the foregoing Complaint For Forfeiture In Rem are true and correct to the best of my knowledge and belief.

Executed on October 30, 2020.

_____
Matthew Shoemaker
Special Agent
Homeland Security Investigations